## JOE WARTELSKY V. THE STATE.

No. 1472. Decided February 16, 1898.

1. **Local Option—Insufficient Evidence.**

Where the statement of facts on a trial for violation of local option fails to show or even intimate that local option was in force at the time and place of its alleged violation, the judgment must be reversed.

2. **Withdrawal of Appeal—Practice.**

An appellant alone will be permitted to withdraw his appeal in the Court of Criminal Appeals. It can not be done by his attorneys.

APPEAL from the County Court of Hill. Tried below before Hon. W. C. MORROW, County Judge.

Appeal from a conviction for a violation of local option; penalty, a fine of $25 and twenty days imprisonment in the county jail.

The information charged appellant with selling intoxicating liquors to one W. M. Hewett, in Justice Precinct No. 1, Hill County, after local option had been adopted and while it was in force in said precinct. Hewett swore that he bought three half-pints of apple brandy, and paid 75 cents for it. That he did not know the party who sold it to him. But that after he had drunk up two of the bottles and part of the third, he met the sheriff, and after a conversation with him they went down to the store where he had purchased the liquor, and he pointed out to the sheriff the defendant as the man who had sold him the liquor; that this occurred in Hill County, and in Justice Precinct No. 1.

Jones, the sheriff, corroborated the witness Hewett. The other testimony contained in the statement of facts relates to the impeachment of the witness Hewett, both as to his contradictory statements and as to his reputation for truth and veracity. There is not a particle of testimony with regard to the adoption or existence of local option in Justice Precinct No. 1, Hill County, Texas, contained in the statement of facts.

*J. D. Pitts, J. M. Johnson*, and *Smith & Phillips*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of violating the local option law, and appeals.

The statement of facts before us fails to show or even intimate that the local option law was in force at the time and place where the offense is alleged to have occurred. For this reason the judgment must be reversed.

There is a statement in the record purporting to be signed by the attorneys of the appellant, withdrawing the appeal. Under the rule followed by this court, and which we think is the only safe and correct one, the appellant alone will be permitted to withdraw his appeal; hence we have not regarded this statement found in the record. Because the evidence does not show any local option law in force under which appellant could have been convicted, the judgment is reversed, and the cause remanded.

*Reversed and remanded.*