## JONES v. STATE.  (No. 6525.)

(Court of Criminal Appeals of Texas. Jan. 18, 1922.)

**Criminal law ⊜1081—Notice of appeal essential.**

Notice of appeal is essential to the jurisdiction of the Court of Criminal Appeals.

Appeal from Denton County Court; E. I. Key, Judge.

Lige Jones was convicted of unlawfully carrying a pistol, and he appeals. Appeal dismissed.

R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J.  The conviction is for unlawfully carrying a pistol.

We find no notice of appeal in the record. This is essential to show jurisdiction in this court.

The appeal is dismissed.

## MEEK v. STATE.  (No. 6605.)

(Court of Criminal Appeals of Texas. Jan. 18, 1922.)

**Criminal law ⊜1131(1)—Cause dismissed on appellant's withdrawal of appeal.**

Where appellant, by affidavit, withdraws his appeal, the cause will be dismissed in the appellate court.

Appeal from Criminal District Court, Dallas County; Robert B. Seay, Judge.

R. E. L. Meek was convicted of passing a forged instrument, and he appeals. Dismissed.

R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J.  Conviction is for passing a forged instrument; punishment fixed at confinement in the penitentiary for a period of two years. Appellant, by affidavit, withdraws his appeal.

The cause is therefore dismissed.

## RICHARDSON v. STATE.  (No. 6556.)

(Court of Criminal Appeals of Texas. Jan. 18, 1922.)

**Criminal law ⊜14—Change of statute held to render reversal of conviction necessary.**

Change, pending appeal in statute relating to unlawful possession of intoxicating liquors, *held* to require reversal of judgment of conviction.

Appeal from District Court, Gregg County; Chas. L. Brachfield, Judge.

M. A. Richardson was convicted of unlawful possession of intoxicating liquors, and appeals. Reversed and remanded.

W. E. Jones, of Longview, for appellant.
R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J.  The conviction is for the unlawful possession of intoxicating liquors. The offense was alleged to have taken place on the 5th day of December, 1920. The change in the statute upon which the prosecution was founded renders it necessary to reverse the judgment. This is conceded by the Assistant Attorney General. See Francis v. State, No. 6493, 235 S. W. 580, not yet [officially] reported.

The judgment is reversed and remanded.

## PRICE v. STATE.  (No. 6513.)

(Court of Criminal Appeals of Texas. Jan. 11, 1922.)

**1. Rape ⊜59(23)—Charge on aggravated assault held erroneous.**

In a prosecution for assault with intent to rape, an instruction, "If the female is alleged and proven to be under the age of 18 years, and there is evidence that defendant took hold of her without the intent to then and there have carnal knowledge of her, and there is proof of indecent familiarity, and if you so believe beyond a reasonable doubt, you will find the defendant guilty of an aggravated assault," was erroneous because proceeding upon the theory that, inasmuch as the prosecutrix was under 18 years of age, and therefore precluded by law from giving her consent to carnal knowledge, she was also incapable of consenting to familiarity; there being no offense unless the familiarity creates a sense of shame.

**2. Assault and battery ⊜54—Elements of aggravated assault on female.**

Defendant's guilt of aggravated assault depends on whether his conduct was without consent of the prosecutrix, and whether it in fact produced a sense of shame or other disagreeable emotion of the mind.

**3. Rape ⊜57(1)—Guilt of aggravated assault held for jury.**

In a prosecution for assault with intent to rape, evidence *held* to present an issue of fact concerning the effect of the defendant's conduct upon the prosecutrix, his intent in committing it, and her consent to it.

Appeal from District Court, Terry County; W. R. Spencer, Judge.

Gaylon Price was convicted of aggravated assault, and appeals. Reversed and remanded.

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes