## EX PARTE WILLIAM ESTEP

No. 27,269. January 5, 1955
Rehearing Denied February 23, 1955

Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) March 23, 1955

*Lester L. May, Maury Hughes* and *Howard Dailey*, Dallas, for relator.

*Wesley Dice*, State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is an extradition case.

Appellant stands convicted of a felony in the state of Illinois, and is a fugitive therefrom.

Upon the requisition of the Governor of the State of Illinois, the Governor of this state issued his executive warrant under which appellant is held in custody. Appellant prayed for his discharge from custody by writ of habeas corpus.

After hearing, the relief prayed for was denied and notice of appeal was given to this court.

If we understand appellant's contention, it is that, since

the judgment of conviction in the state of Illinois and his entry into this state, he has been convicted of a felony in the United States District Court for the Northern District of Texas, from which conviction he has given notice of appeal and which appeal has not been determined.

Upon the facts stated, appellant contends that the extradition proceedings should not be permitted to remove him out of the jurisdiction of the Federal courts pending final determination of the appeal.

If the Federal authorities desire to prevent the extradition, it is a matter of their own concern.

The Governor's warrant is regular upon its face and, so far as the state courts are concerned, authorizes appellant's extradition.

The judgment is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge.

Our attention is directed to the fact that though appellant was sentenced, on a charge of conspiracy, to a term of not less than 2 nor more than 5 years in the Illinois State Penitentiary, in addition to a fine of $2,000, the record contains a stipulation that the offense was a misdemeanor and not a felony under the laws of Illinois.

The fact that the offense is a misdemeanor is not material, however, for Sec. 2 of Art. 1008(a) V.A.C.C.P. (Uniform Criminal Extradition Act) makes it the duty of the Governor of this State to have arrested and delivered up to the executive authority of another state any person charged in that state with treason, felony, *or other crime,* who has fled from justice and is found in this state.

The record before us shows that the conviction in the Illinois Court has been affirmed on appeal and writ of error dismissed by the supreme court of that state. Also it appears that certiorari has been denied by the Supreme Court of the United States.

In the face of these stipulations, appellant would have this

court deny extradition upon a finding that the conviction was invalid.

Without regard to these stipulations, we hold that this court is not a proper forum for an attack upon the validity of a charge or conviction in the demanding state which the requisition for extradition by the Governor of that state certifies to be a charge or conviction of a crime under the laws of such state. See Ex parte Peairs, 283 S.W. 2d 755.

Appellant's motion for rehearing is overruled.