EX PARTE J. P. KNOLL

No. 32,340. November 2, 1960

DAVIDSON, Judge, dissented.

*W. R. Hill* and *W. E. Martin,* Houston, for appellant.

*Dan Walton,* District Attorney, *Samuel H. Robertson, Jr.* Assistant District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

This is an appeal from an order entered in a habeas corpus proceeding remanding appellant to custody for extradition to the State of Louisiana.

At the hearing, the state introduced into evidence the executive warrant of the Governor of this state and also the requisition of the Governor of Louisiana. The Governor's executive warrant recites that it has been made known to him by the Governor of the State of Louisiana that appellant "stands charged by affidavit before the proper authorities, with VIOLATION OF PROBATION AFTER TRIAL, CONVICTION AND SENTENCE FOR THE CRIME OF CRIMINAL NEGLECT OF FAMILY," committed in said state and that he had taken refuge in this state.

Appellant also introduced into evidence certain duly authenticated papers accompanying the requisition.

From the papers it appears that appellant was convicted on January 29, 1953, in the State of Louisiana of the misdemeanor crime of criminal neglect of family and sentenced to serve one year in jail. Appellant's sentence was by the court suspended and he was placed upon probation for a period of five years upon certain terms and conditions. On May 31, 1955, warrant was issued for the appellant's arrest by the judge of the Juvenile Court in and for St. Landry Parish upon affidavit having been made that appellant had violated the conditions of his probation. On January 26, 1960, affidavit was made, by the Commissioner of Public Welfare of the State of Louisiana in lieu of warrant as prescribed by law, stating that appellant had violated the conditions of his probation and commanding that he be arrested and held as a fugitive from the state pending extradition and return to the jurisdiction.

It is by reason of appellant's prior conviction and subsequent issuance of the warrant and affidavit for his arrest that his extradition to the State of Louisiana is sought.

In the recent case of Ex parte Tommy Higgins, No. 32,180, (page ___ , this volume) — S. W. 2d ___, this court, in upholding the action of the Governor of this state ordering the return of a relator to the demanding state whose probation had been revoked in that state, stated:

"Under the provisions of Section 3 of Article 1008a, V.A.C. C.P., the Governor of this State is authorized to recognize a requisition and issue his executive warrant of extradition when the demand is accompanied 'by a copy of a judgment of conviction or of a sentence imposed in execution thereof together with a statement by the Executive Authority of the demanding State that the person claimed has escaped from confinement or has broken the terms of his bail, probation, or parole.' "

The requisition of the Governor of the State of Louisiana in the instant case is accompanied by a copy of the judgment rendered against appellant and recites that appellant has violated his probation.

Such requisition is sufficient to authorize the issuance of the executive warrant by the Governor of this state.

In disposing of the case, we do not pass upon appellant's contention that the judgment rendered against him in the State of Louisiana is insufficient as a judgment under the laws of this state. The question as to the validity of the judgment is one for the courts of the State of Louisiana to determine. This court is not the proper forum for attack upon the validity of appellant's conviction in the demanding state which the Governor of that state certifies to be a conviction under the laws of such state. Ex parte Estep, 161 Tex. Cr. R. 247, 276 S. W. 2d 284.

The judgment is affirmed.

Opinion approved by the Court.

DAVIDSON, Judge, (dissenting).

For the reason assigned in my dissenting opinion in Ex parte Tommy Higgins, No. 32,180, delivered October 5, 1960, (page this volume), 338 S.W. 2d 717, I enter my dissent in the instant case.