**Ex parte Lawrence Lee FULLER.**

**No. 41352.**

Court of Criminal Appeals of Texas.

June 19, 1968.

Rehearing Denied Sept. 16, 1968.

Second Rehearing Denied Oct. 30, 1968.

Charles W. Tessmer, Dallas, for appellant.

Henry Wade, Dist. Atty., Camille Elliott, Malcolm Dade and Kerry P. Fitz-Gerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

This is an appeal from an order entered in a habeas corpus proceeding remanding relator to custody for extradition to the State of Kansas.

At the hearing the State introduced into evidence the Governor's Warrant, making out a prima facie case, and the supporting papers. Among these were (1) the duly authenticated Demand from the Governor of Kansas, (2) the application for requisition made to the Governor by the Deputy County Attorney of Sedgwick County, Kansas, (3) an authenticated copy of the complaint charging relator with being an "Accessory After the Fact" by giving aid to another who had committed a felony and with receiving stolen goods, (4) an authenticated copy of the warrant for relator's arrest, (5) an authenticated copy of the jury verdicts finding relator guilty of the two offenses charged. (6) an affidavit alleging that relator failed to appear at the time set for a hearing on his motion for a new trial and that his bond had been forfeited, (7) an authenticated copy of an Alias Warrant following such bond forfeiture, and (8) authenticated copies of the statutes of the State of Kansas denouncing the offense for which relator was charged and of the statute which authorized prosecutions to be initiated by information.

If we understand relator's contention it is that the State failed to prove that the Kansas court which tried him had jurisdiction to try a person for the crime for which he was convicted. We have concluded that under the holding of this Court in Ex parte Higgins, 170 Tex.Cr.R. 21, 338 S.W.2d 717, and under the terms of Sec. 3 of Art. 51.13, Vernon's Ann.C.C.P., the proof that relator had broken the terms of his bail was sufficient and that there is no merit to relator's contentions. The cases cited by the relator relate to the failure of the State to prove that the laws of a foreign State authorize the initiation of prosecutions based upon an information. As we construe the Kansas statute all offenses are prosecutable under an information.

The judgment is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

BELCHER, Judge.

It is contended that the information contained no factual basis for a finding of probable cause by the magistrate and the warrant issued thereon was void. It is also contended that the information is void on the ground that it alleged two separate and distinct felonies.

It is evident from the record that the information and the arrest warrant issued thereon were used as a basis for a criminal prosecution and not as a basis for a search. This contention reveals no error. Vallejo v. State, Tex.Cr.App., 408 S.W.2d 113; Cisco v. State, Tex.Cr.App., 411 S.W.2d 547; Chapa v. State, Tex.Cr.App. 420 S.W.2d 943.

The record further reveals that before the extradition proceedings began, the appellant was tried and found guilty by a

jury of both offenses alleged in the information, and he thereafter escaped. Thus, it appears that the validity of the information has been determined by the trial court in the demanding state. In this state of the record, the validity of the information will not be considered by this court.

The extradition warrant is a necessary part of the criminal procedure under the facts of this cause for bringing "offenders to justice." Art. 24, P.C.

The motion for rehearing is overruled.