Ex parte Thero WHEELER.

No. 50735.

Court of Criminal Appeals of Texas.

Oct. 8, 1975.

Sherman A. Ross, Houston, for appellant.

Carol S. Vance, Dist. Atty. and Clyde F. DeWitt, III, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from an order in a habeas corpus proceeding in which the appellant was remanded to custody for extradition to the State of California.

The appellant urges the trial court's order should be reversed because it was not shown that the appellant was the same person named in the Governor's Warrant and that the requisition of the Governor of the demanding state and supporting papers failed to meet the requirements of Article 51.13, Sec. 23(2), V.A.C.C.P., in that they failed to state the circumstances of the appellant's escape from custody.

The Governor's Warrant, which is regular on its face, was introduced into evidence; it recites that: "Thero Wheeler stands convicted of the crimes of robbery, second degree—in violation of Sec. 211, California Penal Code, and escape without force—in violation of Sec. 4530, California Penal Code, before proper authorities by indictment, judgments, and sentences and thereafter escaped from confinement" and that he had taken refuge in Texas.

When the Governor's Warrant, regular on its face, is introduced, the state does not have any further burden of proving the identity of the relator as the fugitive named in the Governor's Warrant, unless the relator raises the issue of identity.

The appellant says he has raised the issue of his identity as the fugitive named in the Governor's Warrant through the testimony of Edith Baird. Mrs. Baird testified that she had known the appellant by the name of Bradley Bruce since April 26, 1974, when he was employed by the company for which she was the office manager. She did not know whether he had also used the name Thero Wheeler, or whether he had escaped from confinement in California prior to the time that she met him. The testimony of Mrs. Baird was not sufficient to raise the issue of identity.

 We will now consider the appellant's other contention. Article 51.13, Sec. 23(2), V.A.C.C.P., in pertinent part, provides:

"When the return to this State is required of a person who has been convicted of a crime in this State and has escaped from confinement, . . . or the warden of the institution . . . from which escape was made, shall present to the Governor a written application for a requisition for the return of such person, in which application shall be stated the name of the person, the crime of which he was convicted, the circumstances of his escape from confinement, . . . the State in which he is believed to be, including the location of the person therein at the time application is made."

The obvious purpose of the Article is to satisfy the Governor of the demanding state that the requisition for the fugitive should be issued. In this instance affidavits state the circumstances which led to the three convictions for which the appellant was serving prison sentences. Judgments of conviction as well as the indictments and information under which the appellant was prosecuted are also among the supporting papers. The affidavit then states that the appellant was transferred from Folsom State Prison to the California Medical Facility on November 8, 1972. On August 2, 1973, the appellant escaped, and on July 3, 1975, California officials were notified that the appellant had been apprehended in Houston earlier that day.

Keeping in mind the purpose of Article 51.13, Sec. 23(2), V.A.C.C.P., we find that under the circumstances of this case there was sufficient compliance with the statute, the statement of the circumstances of the appellant's escape sufficiently supports the Governor's Warrant, regular on its face.

The judgment is affirmed.

Opinion approved by the Court.