Ex parte Richard Eugene TRISLER.

No. 65531.

Court of Criminal Appeals of Texas, En Banc.

Oct. 8, 1980.

C. E. Clover, Jr., Sealy, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

PHILLIPS, Judge.

This is an appeal from an order of the 155th District Court of Austin County remanding appellant to custody for extradition to the state of Indiana.

Appellant has filed a motion in this Court requesting that his appeal be dismissed. The motion is signed by both appellant and his attorney, but is not sworn. It is a long established rule that the right of appeal is personal, and an appeal will be dismissed only upon the *sworn motion* of the appellant himself. *Washington v. State*, 551 S.W.2d 56 (Tex.Cr.App. 1977); *Page v. State*, 532 S.W.2d 341 (Tex.Cr.App. 1976); *Gilliam v. State*, 177 S.W.2d 782 (Tex.Cr.App. 1944); *Catron v. State*, 140 S.W. 227 (Tex.Cr.App. 1911). The requirement that the motion be authenticated has never been relaxed by this Court. See *Zamora v. State*, 568 S.W.2d 355, n. 1 (Tex.Cr. App. 1978); *Page*, supra; *Gilliam*, supra; *Newell v. State*, 101 S.W.2d 254 (Tex.Cr. App. 1937); *Catron*, supra. The authentication requirement serves to assure this Court that the appellant personally decided to forego his right of appeal, and gave some consideration to his decision. We expressly

adhere to the previous case law on this matter. Because the motion to dismiss in this case is not sworn to by appellant, we cannot dismiss the appeal.

In his writ of habeas corpus filed with the trial court appellant urges that the extradition documents "are defective and not properly authenticated," the probation violation alleged by Indiana authorities will not support extradition, the state failed to establish that appellant was present in Indiana at the time the probation violation took place, and the state failed to prove that appellant is the person demanded by Indiana authorities.

At the hearing on appellant's writ of habeas corpus the state introduced the governor's warrant authorizing appellant's arrest and extradition, along with the supporting documents from Indiana. The supporting documents include a requisition order from the governor of Indiana alleging that appellant was convicted of theft in Indiana and subsequently violated the terms of his probation and fled the state. It is alleged in the application for requisition that appellant was present in the state of Indiana at the time of the theft and probation violation. Also contained in the supporting documents is a judgment of conviction for the theft offense reciting in part that appellant is placed on probation, a report of a probation violation, and a bench warrant for appellant's arrest issued as a result of the probation violation.

■ Contrary to appellant's first contention, the supporting papers are complete and properly authenticated. Article 51.-13(3), V.A.C.C.P.

■ Appellant's second contention is without merit because a probation violation will support extradition under Article 51.13, supra. *Ex parte Larson*, 494 S.W.2d 179 (Tex.Cr.App. 1973); *Ex parte Knoll*, 339 S.W.2d 678 (Tex.Cr.App. 1960).

■ Appellant's third contention is without merit because the state had the burden of establishing only a *prima facie* case that appellant was in Indiana at the time of the violation of probation. The state met this burden when it introduced the governor's warrant regular on its face. *Ex parte Larson*, supra. Appellant produced no evidence to rebut the state's *prima facie* case.

■ Appellant's final contention that the state failed to prove appellant's identity is without merit because appellant never succeeded in placing his identity in issue. The state made out a *prima facie* case on identity by introducing the governor's warrant naming appellant as the person sought by Indiana. *Ex parte Kaufman*, 323 S.W.2d 48 (Tex.Cr.App. 1959); *Ex parte Jones*, 322 S.W.2d 292 (Tex.Cr.App. 1959). The state went further and proved that during appellant's confinement in Brazos County Jail, he identified himself as Richard Eugene Trisler to Fred Maddox, a Brazos County probation officer. Appellant previously had identified himself to jail officials as Wesley Paul Huffman; Maddox knew Huffman, however, and upon seeing appellant immediately determined that he was not Huffman. Appellant told Maddox that he was from Indiana and had used a pseudonym because he feared that there were warrants for his arrest pending in that state. Appellant admitted to Maddox that he had violated his probation in Indiana.

Appellant did not testify at the hearing. Austin County deputy sheriff B. T. Noviskie testified in behalf of appellant that when appellant had been incarcerated in the Austin County Jail previous to being incarcerated in the Brazos County Jail, he used the name Huffman. After returning from the Brazos County Jail appellant used the name Trisler. Appellant's evidence was insufficient to raise the issue of identity. *Ex parte Wheeler*, 528 S.W.2d 229 (Tex.Civ. App. 1975).

The judgment is affirmed.

ODOM, Judge, dissenting.

I dissent to the majority's denial of appellant's request to dismiss this appeal. Although the motion to dismiss is not sworn to, as required by previous decisions of this Court, it is signed personally by the appellant and by his attorney in the case. The

majority refuses to grant appellant's request by relying on the ancient rule that such a request must be by sworn motion.

The majority advances no purpose for the rule relied on, beyond the speculation that authentication "serves to assure this Court that the appellant personally decided to forego his right of appeal, and gave some consideration to his decision."

If the majority seeks assurance that the request to dismiss was appellant's own decision, they should be satisfied by the comparison of appellant's signature on the motion to dismiss with his signature on the application for habeas corpus relief that initiated this proceeding. It is obvious even to the untrained eye that the signatures match. Why should he who started this process not be allowed to end it?

The second speculative basis for the rule relied on by the majority is that a sworn motion *assures* this Court that appellant "gave some consideration to his decision." From the flood of pro se habeas corpus applications and other assorted motions that this Court receives from inmates of the various penal institutions in this State, I would suggest that a pro se sworn motion does not necessarily mean, and certainly should not be taken by this Court as *assurance*, that some threshold quantum of consideration was given to the matter asserted in that motion. Further, whatever, assurance this Court requires that due consideration was given to the consequences of a dismissal, the fact that a motion is co–signed by the appellant's attorney should be sufficient. It is counsel's duty to advise his client regarding the consequences of such a motion, and counsel's signature should support a presumption that such duty was fulfilled. At the very least it offers as much assurance of due consideration as a pro se sworn motion.

To the extent that the majority relies on the historical fact that the rule has been around for a long time, I would point out that two of the earlier decisions on the subject, *Jennings v. State*, 151 S.W. 1050, and *Rivera v. State*, 105 S.W. 193, explicitly stated that the requirement of a sworn

motion to dismiss was founded in "the rules of this court." Today's rules of this Court (Art. 44.33, V.A.C.C.P.) do not address the requirements of a motion to dismiss and through apparent oversight the old rule lives on in case law. I would overrule the old rule and grant appellant's motion to dismiss.

I dissent.

DOUGLAS, TOM G. DAVIS and W. C. DAVIS, JJ., join in this opinion.