**Kerry Allen HYPOLITE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 68176.**

Court of Criminal Appeals of Texas, en banc.

March 23, 1983.

---

David B. Ziegler, court appointed on appeal only, Bellaire, Arthur L. Jackson, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Timothy G. Taft, and George McCall Secrest, Jr., Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for forgery. Punishment was assessed at eight years.

Appellant has filed a motion to dismiss the appeal. The motion was signed and presented by counsel and personally approved by appellant. The motion, however, was not notarized, as previously required by decisions of this Court. *Ex parte Trisler,* 605 S.W.2d 619 (Tex.Cr.App.1980). Today we overrule that line of cases and hold that a motion to dismiss an appeal signed by defendant and his attorney is sufficient. The old rule is without legal or rational foundation for the reasons stated in the dissent in *Ex parte Trisler,* supra. Counsel's approval of the motion to dismiss is at least as strongly indicative of a thoughtfully considered decision to abandon an appeal as is presentation before a notary public.

The appeal is dismissed.

TEAGUE, Judge, concurring and dissenting.

Simply because the requirement that a motion to dismiss an appeal must be sworn serves no useful purpose in law, other than possibly identification, and today's decision is an improvement over what has previously been the law, I concur in the holding of the majority that if a motion to dismiss the appeal is signed by both the appellant and his attorney, even though the motion is unsworn, that will be sufficient to sustain a cause being dismissed from the docket of the appellate court where the appeal is pending. However, because I believe that the majority does not go far enough in its holding, I must respectfully dissent to such omission.

Beyond the showing of identification, the mere appearance of an appellant before a notary public regarding a motion to dismiss the appeal has absolutely no legal meaning. It cannot be argued that such an appearance serves to assure any appellate court that the appellant "gave some consideration to his decision," because such appearance before a notary public most certainly does not accomplish that purpose. Thus, the majority's implicit holding that the motion to dismiss the appeal signed by the appellant and his attorney need not be sworn is proper. However, where an appellant is represented by counsel, I do not believe it is asking too much to involve counsel, beyond mere signature, in the very important decision making process concerning the dismissal of an appeal, which may entail many collateral consequences.

Involving counsel in the process, beyond mere signature on the motion to dismiss, may prevent an appellant from dismissing a meritorious appeal where he is under the misapprehension that such dismissal will enable him to then pursue a post-conviction writ of habeas corpus in order to gain relief

more rapidly, only to later discover that the meritorious claim in the appeal is not available for review by collateral attack. In *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), the Supreme Court stated the following: "If a habeas applicant, after consultation with competent counsel or otherwise, understandingly and knowingly forewent the privilege of seeking to vindicate his federal claims in the state courts . . . then it is open to the federal court on habeas to deny him all relief . . ." 372 U.S., at 439, 83 S.Ct. 822, at 849, 9 L.Ed.2d 837. I believe that the "deliberate by-pass rule", where it has been implicated because the defendant previously dismissed his appeal, has snared many an unknowing defendant who believed that by dismissing the appeal he was not deliberately by-passing some rule of law, but just the opposite: he believed it would speed up the process. It is therefore imperative that where the appellant is represented by counsel, this Court mandate that before an appeal will be dismissed, it must affirmatively be shown, beyond mere signature, that counsel was implicated in the most important and significant decision making process of filing the motion to dismiss the appeal. To the majority's failure to issue that mandate, I must dissent.

Unquestionably, the right of appeal is personal. However, where the appellant is represented by counsel, and the appellant desires to dismiss the appeal, it is counsel's duty to advise the appellant of the consequences and ramifications of the motion to dismiss the appeal. Before the appeal should be dismissed, there should not only be a motion to dismiss the appeal, personally signed by the appellant and approved by counsel, but accompanying the motion should be a written statement from counsel. The written statement of counsel should affirmatively reflect that counsel has explained to the appellant the consequences and ramifications of dismissing the appeal, and also should include his advice and recommendation. Also accompanying the motion to dismiss should be a written statement from the appellant acknowledging receipt of counsel's information, advice, and recommendation, and a further statement that he desires that the appeal be dismissed.*

This cause is limited to the situation whereby the appellant is represented by counsel. It is therefore understandable why the majority does not address the subject of the appellant who desires to dismiss his appeal but is not represented by counsel. However, because the majority fails to mandate a procedure, where the appellant is represented by counsel, that would increase the probability that the appellant, in signing and filing a motion to dismiss, knowingly and intentionally requested that the appeal be dismissed, I respectfully dissent. However, I concur in the majority's holding that the mere requirement that the motion be sworn serves no useful purpose in law.

ONION, Presiding Judge, dissenting.

Another old and tested rule bites the dust so some judicial warriors can hang another scalp on their belts. See *Hankins v. State*, 646 S.W.2d 191 (Tex.Cr.App.1983) (abolition of the necessity to ever charge on the law of circumstantial evidence); *Ex Parte McWilliams*, 634 S.W.2d 815 (Tex.Cr.App.1982) (opinion on State's motion for rehearing) (abolition of the carving doctrine); *Faulder v. Hill*, 612 S.W.2d 512 (Tex.Cr.App.1981) (authorizing the right of the State to appeal in certain circumstances despite constitutional and statutory prohibitions).

Appeal is here taken from a forgery by possession, where the punishment was assessed by the court at eight (8) years' imprisonment following the jury's guilty verdict.

A motion to dismiss the appeal has been submitted by appellant's court-appointed

---

* Of course, a hearing on the motion to dismiss the appeal could occur in open court before the convicting court. The above, however, is prefaced upon the matter being handled by mail.

counsel on appeal.[1] It is signed by said counsel and on the second page of said motion under "approved as a form and substance" is the signature of a Kerry A. Hypolite. The motion is not notarized or sworn to as long required by the decisional law of this court.

The majority overrules the recent decision of *Ex parte Trisler,* 605 S.W.2d 619 (Tex.Cr.App.1980), and the long line of decisions it represents, without regard to the doctrine of stare decisis.

This court and the original Court of Appeals have consistently applied the same rule as to the dismissal of appeals in criminal cases. It is well established that the right of appeal in a criminal case is a personal one and an appeal will be dismissed only upon the sworn affidavit or verified motion of the appellant. See, e.g., *Ex parte Trisler,* 605 S.W.2d 619 (Tex.Cr.App.1980); *Washington v. State,* 551 S.W.2d 56 (Tex.Cr.App.1977); *Page v. State,* 532 S.W.2d 341 (Tex.Cr.App.1976); *Wartelsky v. State,* 38 Tex.Cr.R. 629, 44 S.W. 510 (Tex.Cr.App.1898); *McDonald v. State,* 118 Tex.Cr.R. 10, 37 S.W.2d 1018 (Tex.Cr.App.1931); *Rivera v. State,* 105 S.W. 193 (Tex.Cr.App.1907); *Rivera v. State,* 105 S.W. 194 (Tex.Cr.App.1907). See and cf. *Paul v. State,* 17 Tex.App. 583 (Court of Appeals 1885).

A motion to dismiss filed only by appellant's attorney will not suffice. *Paul v. State,* supra;[2] *Wartelsky v. State,* supra; *Gilliam v. State,* 146 Tex.Cr.R. 620, 177 S.W.2d 782 (Tex.Cr.App.1944); *Ex parte Browder,* 379 S.W.2d 324 (Tex.Cr.App.1964); *Page v. State,* 532 S.W.2d 341 (Tex.Cr.App. 1976). See also *Catron v. State,* 63 Tex. Cr.R. 377, 140 S.W. 227 (Tex.Cr.App.1911); *Newell v. State,* 131 Tex.Cr.R. 603, 101 S.W.2d 254 (Tex.Cr.App.1937).

In *McDonald v. State,* supra, it was held that a motion to dismiss the appeal signed by appellant's attorney and by an assistant criminal district attorney was not sufficient.

In order to insure that the appellant personally desires to dismiss his appeal, the court has accepted a personal affidavit from the appellant, see, e.g., *Ard v. State,* 237 S.W. 256 (Tex.Cr.App.1922); *Owens v. State,* 242 S.W. 1056 (Tex.Cr.App.1922); *McKeel v. State,* 92 S.W.2d 1040 (Tex.Cr. App.1936); *Horner v. State,* 141 Tex.Cr.R. 496, 149 S.W.2d 586 (Tex.Cr.App.1941); *Nivens v. State,* 232 S.W.2d 991 (Tex.Cr.App. 1950); *Wells v. State,* 291 S.W.2d 330 (Tex. Cr.App.1956); *Hale v. State,* 330 S.W.2d 199 (Tex.Cr.App.1960). This court has also accepted what has been referred to as a verified request, *Gamel v. State,* 242 S.W. 1059 (Tex.Cr.App.1922); *Cummings v. State,* 94 S.W.2d 1176 (Tex.Cr.App.1936); a verified motion, *Patterson v. State,* 233 S.W. 1097 (Tex.Cr.App.1921); *Day v. State,* 235 S.W. 885 (Tex.Cr.App.1921); *Meek v. State,* 236 S.W. 722 (Tex.Cr.App.1922), or a duly sworn to motion, *Flournoy v. State,* 87 Tex.Cr.R. 213, 220 S.W. 549 (Tex.Cr.App.1920); *McCowan v. State,* 228 S.W. 936 (Tex.Cr. App.1921).

The affidavit or motion must not only be signed or executed by the appellant, but must be properly authenticated. *Catron v. State,* supra; *Gilliam v. State,* supra; *Jennings v. State,* 68 Tex.Cr.R. 613, 151 S.W. 1050 (Tex.Cr.App.1912);

In *Catron v. State,* supra, this court noted that it had so "uniformly" held. In *Wartelsky v. State,* supra, this court wrote:

"*Under this rule followed by court, and which we think is the only safe and correct one, the appellant alone will be permitted to withdraw his appeal....*" (Emphasis supplied.)

As early as 1885 the Court of Appeals in *Paul v. State,* supra, held that the appeal could not be withdrawn upon motion of counsel but "it can perhaps be withdrawn upon a written application signed by the appellant in person *if such signature be duly authenticated by the clerk of the trial court* ...." (Emphasis supplied.)

In 5 Tex.Jur.2d, Appeal and Error—Criminal, § 336, pp. 539–540, it is written:

1. Appellant was represented by different and apparently retained counsel at trial.

2. In *Paul v. State,* supra, the motion was signed "Henry Paul by his attorney, M.D. Robertson."

"Application to dismiss must be made by the appellant in person, not by an attorney, and must be acknowledged before a *proper officer, who is required to certify that the appellant signed it in person.* (Emphasis supplied.)

In *Ex parte Trisler,* supra, this court, in a 1980 opinion, said:

"*The authentication requirement serves to assure this court that the appellant personally decided to forego his right of appeal, and gave some consideration to his decision.* We expressly adhere to the previous case law on this matter." (Emphasis supplied.)

The purpose of the rule is clear from what has been said above. It has served the courts of this state well. A myriad of problems have been avoided. For over 98 or more years the courts have not been plauged with claims that the dismissal of an appeal was without the knowledge or consent of the appellant, that the signature was not that of the appellant, that the attorney seeking the dismissal was not the appellant's counsel, either retained or appointed, that counsel was no longer the attorney of record, etc. The court has not been confronted with granting out-of-time appeals because appeals had been improvidently dismissed, nor has the State been faced with attempting reprosecution years later after an out-of-time appeal and a reversal following an earlier improperly granted dismissal of appeal. The enforcement of the rule has not proven a hardship for any of the parties or the appellate courts.

The majority today says the long established rule is "without legal or rational foundation . . . ." completely ignoring the cases cited above. The majority says its reasoning is based on the dissent in Ex parte Trisler, supra.

In *Trisler* the motion to dismiss the appeal was signed by the appellant and his attorney, but it was not sworn. The dissenters in *Trisler* ask: "Why should he who started this process not be allowed to end it?" Of course, this was not the question. An appellant may end an appeal if he files a personal affidavit and does so timely.[3] The issue presented in *Trisler* was not the right to terminate the appeal, but the manner in which it could be properly accomplished which insures the interests of the appellant, the State and the appellate court.

The *Trisler* dissenters also urged that if the court wanted assurance that the appellant's signature on the motion was his the members of the court could look to the habeas corpus application[4] and compare the signature there with the one on the dismissal order, asserting that even to the untrained eye the signatures match. Of course, this argument assumes there will always be an instrument in the record bearing the appellant's signature, and further assumes that such signature is the authentic signature of the appellant.[5] Further, it calls upon appellate judges to become handwriting experts or jurors. Cf. Article 38.27, V.A.C.C.P. (Evidence of Handwriting).

The *Trisler* dissenters erroneously dismiss the majority's reliance upon "the historical fact that the rule has been around for a long time." The dissenting opinion states " . . . I would point out that two of the earlier decisions on the subject, *Jennings v. State,* 68 Tex.Cr.R. 613, 151 S.W. 1050, and *Rivera v. State,* 105 S.W. 193, explicitly stated that the requirement of a sworn motion to dismiss was founded in 'the rules of this court.' Today's rules of this court (Art. 44.33, V.A.C.C.P.) do not address the requirements of a motion to dismiss and through apparent oversight the old rule lives on in case law."

In *Jennings* this court said:

---

3. The appellant may not dismiss an appeal if his personal affidavit to do so is filed in the appellate court after an opinion has been handed down. *Toney v. State,* 534 S.W.2d 141 (Tex. Cr.App.1976), overruling *Ermis v. State,* 289 S.W. 405 (Tex.Cr.App.1927), and other cases to the contrary.

4. *Trisler* involved a habeas corpus proceeding.

5. The majority in the instant case does not tell us what signature in the record they compared with the signature on the "Motion To Dismiss" approving the same as to form and substance.

"*The rules of this court* provide that such request must be signed in person and sworn to by the person convicted of crime." (Emphasis supplied.)

In *Rivera* at p. 193, this court wrote:

"We find an ex parte affidavit of appellant in this case asking this court to dismiss his appeal. The affidavit is in proper form and sworn to before the court clerk of Erath County. The right of appeal being a personal one, *under the rules of this court,* appellant can waive the same whenever he deems it necessary or proper." (Emphasis supplied.)

Article 44.33, V.A.C.C.P., provides in part:

"The Court of Criminal Appeals may make rules of procedure *as to the hearing of criminal actions* upon appeal not inconsistent with this code." (Emphasis supplied.)

Nothing in today's rules or rules adopted under the forerunners of Article 44.33, supra, relate to the dismissal of appeals. The suggestion by the *Trisler* dissenters that such rules once incorporated the rule relating to the dismissal of appeal which has since been abandoned is misleading and wrong.

A reading in context of the opinions in *Jennings* and *Rivera* clearly show the court was referring to the decisional rule under discussion, not to the rules adopted under any statutory authority. It is observed that in *Wartelsky* the court referred simply to "... the rule followed by this court ...." just as the *Trisler* dissenters referred to

"the rule," and just as this writer has referred to the "rule." To give *Jennings* and *Rivera* a different interpretation is to approve a slick interpretation designed to reach a pre-determined conclusion.

After all these years, and after numerous meetings of the Legislature, which would have the authority to change the rule, the majority decides that they are the first to see that the old rule has no legal or rational foundation. If, as they say, their reasoning is based on the dissent in *Trisler,* their conclusion is laughable. It is reminiscent of the approach in *Hankins v. State,* supra, where after 127 years of use in Texas the majority claims to be the first to see that the charge on circumstantial evidence was "inherently confusing."

The majority abolishes a tested rule merely for change's sake. I vigorously dissent to this type of judicial action.[6]

CLINTON, Judge, dissenting.

The rule is indeed an "ancient" one, just as the dissenting opinion characterized it in *Ex parte Trisler,* 605 S.W.2d 619, 621 (Tex. Cr.App.1980) (Odom, J., dissenting). First suggested by Presiding Judge White of the Court of Appeals in *Paul v. The State,* 17 Tex.App. 583, 584 (Ct.App.1885), the requirement was that an application to dismiss an appeal must be properly signed by appellant and authenticated by the district clerk.[1] But even when that suggestion was followed the Court of Appeals was not bound to dismiss the appeal, especially where the record demonstrated clearly that

---

**6.** The indictment alleged a prior 1977 conviction for burglary of a building for the enhancement of punishment.

At the penalty stage of the trial the appellant pled "true" to the enhancement paragraph of the indictment. In assessing punishment, the court made no finding as to the prior conviction, and announced that the appellant having been found guilty of forgery was being assessed a punishment of eight (8) years' confinement in the Department of Corrections. The formal written judgment reflects no finding as to the prior conviction and is in accord with the orally pronounced judgment of the court. At the sentencing, some weeks later, there is no mention made of the prior conviction in pronouncing sentence of not less than two

years nor more than eight years in the Department of Corrections. The formal written sentence reflects that the appellant was once previously convicted of a prior felony and punishment is assessed at not less than two nor more than eight years. It appears that the sentence needs to be reformed. This cannot be done by this court as the appeal is being dismissed.

**1.** The request to dismiss the appeal bore the name of appellant "by his attorney ...," *id.,* 17 Tex.App. at 584. The court held that an attorney has no authority to withdraw an appeal for his client. Upon further consideration of the record on appeal the court reversed the judgment of conviction.

the conviction was "an absolute nullity," *Sanders v. The State,* 18 Tex.App. 372, 375 (Ct.App.1885).

So it was that when the Court of Criminal Appeals succeeded the Court of Appeals the suggestion became a "rule."

"There is a statement in the record purporting to be signed by the attorneys of the appellant, withdrawing the appeal. Under the rule followed by this court, and which we think is the only safe and correct one, the appellant alone will be permitted to withdraw his appeal; hence we have not regarded this statement found in the record."

*Wartelsky v. State,* 38 Tex.Cr.R. 629, 44 S.W. 510 (1898).[2]

Contrary to the majority view, then, the old rule *was* founded on reason as well as experience, and it frequently served the cause of justice. As Presiding Judge White emphasized in *Sanders v. The State,* supra, without a conviction according to law an appellant "should not be made to suffer the punishment illegally awarded against him, no matter how guilty he may be," *id.,* at 375. More recently the Court reversed a judgment of conviction and ordered the prosecution dismissed, notwithstanding a motion to dismiss the appeal signed only by attorney for an appellant, who otherwise would have suffered confinement for twenty five years. *Page v. State,* 532 S.W.2d 341, 342, n. 1 (Tex.Cr.App.1976). In short, there is value in the rule.

However, like most of them, even this rule may be improved, and I am inclined to agree that merely having an appellant subscribe and swear to a motion to dismiss is not assurance to an appellate court that appellant "personally decided to forego his right of appeal, and gave some consideration to his decision," *Ex parte Trisler,* supra. But neither would I put the "untrained eye" to the task of searching the record for what only seems to be the real signature of an appellant in order to match

it with what purports to be his signature of the motion, as suggested by the dissent in *Ex parte Trisler,* supra, at 621.

Rather, let it be that a motion to dismiss incorporate the essence of what the Court has held is the purpose of authentication, and be signed by appellant personally, followed with a certification by his attorney of record to the effect that he has advised and counseled with appellant concerning the decision to seek dismissal of the appeal and that he subscribes to the motion himself, believing it complies with applicable law and rules. See Moses, Criminal Defense Sourcebook § 19.15, pp. 693–694 and EC 7–25,[3] Article 12, § 8, Title 14 App. V.A. C.S.

The majority jettisons the "old rule," but fails to formulate one in its stead to accomplish its salutary purposes.

I respectfully dissent.

MILLER, J., joins.

---

**2.** The conviction for violating the local option law was reversed for failure of the record to show that it was in force at the time and place of the alleged offense.

**3.** "... a lawyer should subscribe and verify only those pleadings that he believes are in compliance with applicable law and rules..."