## Ex Parte J. T. Crane.

No. 13017. Delivered April 23, 1930.
Reported in 29 S. W. (2d) 357.

The opinion states the case.

*B. G. Puntney* and *J. T. Crane,* both of Amarillo, and *Barnes & Pierson* and *Harris & Harris,* all of Austin, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Relator was arrested as a fugitive from justice from the State of Oklahoma by the Sheriff of Potter County under an executive warrant issued by the Governor of Texas. Upon a habeas corpus hearing before the District Court of Potter County he was remanded to the custody of the respondent, W. N. Thompson, Sheriff of Potter County, from which order he appeals to this Court. Such of the facts introduced on the habeas corpus hearing which we consider necessary to a proper understanding of the legal questions discussed are in brief as follows:

Relator was convicted in the District Court of Marshall County, Oklahoma, of the crime of embezzlement and entered the Oklahoma state penitentiary to begin service of said sentence on April 14, 1926. On June 14, 1926, at the March Term of the District Court of Hughes County, Oklahoma, appellant pleaded guilty to five cases of embezzlement and was on that date sentenced to the state penitentiary for a term of five years in each case, the sentence to run concurrently; that thereafter relator performed valuable service to the State of Oklahoma in auditing its books, subsequent to which, namely, on the 12th day of May, 1927, a pardon was issued to relator by the Governor of Oklahoma reciting that it was for the crime of embezzlement for which he was convicted in Marshall County, Oklahoma, and further reciting "do hereby grant unto the said J. T. Crane a full and free PARDON of the above offense, restoring unto him all the rights of citizenship in this State." Thereafter a leave of absence from the State was granted to relator by the Governor of Oklahoma and several renewals of this leave of absence were shown which recited his conviction in the five cases in the District Court of Hughes County, Oklahoma, and further recited "the said judgment and sentence to be thereafter proceeded with to all intents and purposes as though this leave of absence had not been granted, in the event further clemency is not extended." The last of these extensions was dated May 11, 1928, and extended relator's leave of absence from the State until the 10th day of November, 1928. The executive warrant under which relator was arrested is dated February 1, 1929. The substance of other testi-

mony for relator was that the Governor of Oklahoma had promised him a pardon in all of his cases in Oklahoma in consideration of services to be performed by him and that he had performed such services.

Under the above facts appellant's several contentions, if we comprehend them, are: (1) That he was not a fugitive from justice, having left the State with the consent of the authorities thereof; (2) that the recitals in the pardon mentioned above had the effect of wiping out all offenses of which he was charged, including the several convictions in Hughes County; (3) that the promise of the Governor of Oklahoma under the conditions named above had the effect of a pardon. We discuss these contentions in their order.

It has been stated:

"To be a fugitive from justice, in the sense of the act of congress, it is not necessary that the person charged should have left the state in which the crime is alleged to have been committed, for the purpose of avoiding a prosecution anticipated or begun, but simply that, having within a state committed a crime against its laws, he has left its jurisdiction, and is found within the territory of another state, when he is sought to be subjected to its criminal process to answer for his offense." 25 C. J., p. 258, paragraph 13.

The fact that the alleged fugitive from justice may have left the State with knowledge of the State authorities or even with the consent of the complainant does not affect his status as a fugitive from justice. 25 C. J., p. 259, paragraph 15; Ex parte Pinkus, 25 S. W. (2nd) 334.

Regarding the second question, it will be noted that the pardon of the Governor of Oklahoma mentioned only one offense. It did not by its terms purport to relate to the offenses of which relator was convicted in Hughes County, Oklahoma. That under such circumstances it could not be extended to embrace offenses not named therein because of the presence of the language restoring full citizenship has been expressly held in the case of Miller v. State, 46 Tex. Crim. Rep. 59. See also 47 L. R. A. (N. S.) p. 209. The entire record, we think, makes plain the fact that the pardon in question related only to one offense and could not be enlarged so as to embrace all the offenses of which relator had been convicted.

The third contention is likewise unsound. "The intention of the executive to grant a pardon can have no legal force until carried into a completed act. To constitute the completed act it is generally considered necessary that there be a written instrument which, when

granted by the governor by virtue of authority vested in him, must be subscribed by him, and must be authenticated by the seal of the state, and delivered." 46 C. J., p. 1190, paragraph 25. The governor's promise to pardon a convict is not a pardon. Ex parte Hawkins, 10 Okl. Cr. 396, 136 P. 991. The quoted text with the authorities cited in the footnote in support thereof conclusively settle the third contention against relator.

Believing that relator was correctly remanded by the trial court, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.