Ex Parte Wyatt Kabrich, Petitioner.—120 S. W. (2d) 42.

.Court en Banc, October 11, 1938.

*D. W. Peters* for petitioner.

*Roy McKittrick,* Attorney General, *Wm. Orr Sawyers,* Assistant Attorney General, and *U. S. Webb,* Attorney General of the State of California, by *F. Walter French,* Deputy Attorney General, for respondents.

GANTT, J.—Action in *habeas corpus*. Petitioner is deprived of his liberty by John J. Cullen and James J. Kenny, agents of the State of California, who seek to confine him in a penitentiary of that State to serve the balance of a term for second degree robbery.

On serving about four years of said term, and on January 28, 1929, petitioner was paroled on condition, among other things, that he go to Siloam Springs, Arkansas, and report to G. I. B. Kabrich, who agreed to give him employment. He complied with this condition. Thereafter California permitted him to go to Missouri. On April 5, 1930, he was convicted in Missouri and sentenced to the penitentiary of said State for fifteen years. Thereupon California revoked petitioner's parole and directed his apprehension and return to said State, to be dealt with according to law. On petitioner's release from the Missouri penitentiary he was arrested as a fugitive from justice and was in the custody of said agents of California under an extradition warrant issued by the Governor of Missouri upon requisition of the Governor of California.

Petitioner contends that California waived jurisdiction of his person by requiring him to leave said State, and that it is now estopped from securing his return to said State by extradition. We do not think so. The State of California lost jurisdiction of the person of petitioner on permitting him to leave the State. However, it did not lose jurisdiction of the parole granted to petitioner.

On petitioner's release from the California penitentiary, his sentence to said penitentiary was suspended during the time he was under parole. Even so, he was not at liberty, for he was under the restraint of the conditions of the parole. This is true, even though California lost jurisdiction of his person. On revoking said parole California did not undertake to exercise jurisdiction over the person of the petitioner. On the contrary, it sought jurisdiction of his person by requisition on the Governor of Missouri. Petitioner escaped the restraint of the parole by violating a condition of the same. In doing so, he thereby acquired the status of an escaped convict. As such he is subject to extradition under the Federal Constitution and laws. Petitioner should be remanded to the custody of said agents. It is so ordered. All concur.