Ex Parte George H. Gourley.

No. 23874. Delivered October 15, 1947.

Relator appearing in person.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Relator filed an application in this Court for a writ of habeas corpus by virtue of which he seeks to be released from the state penitentiary. It appears from the application for the writ that in September, 1942, relator was charged by indictment in Dallas County with a felony. He was tried, convicted and sentenced to five years imprisonment in the state penitentiary In the early part of 1944, he was granted a conditional pardon by the Governor of Texas and paroled to one Captain Ellen Lynn of the Salvation Army. Thereafter, in September, 1945, while he was on parole, he was convicted in the federal court of the offense of forgery and sent to the federal prison in the State of Missouri for a term of eighteen months; that while he was serving the sentence imposed upon him by the Federal District Court, his conditional pardon was revoked. He was notified of its revocation. He declined to waive extradition papers and voluntarily returned to this state. Thereupon, the Governor of Texas issued a requisition warrant which apparently was honored by the Gov. erenor of the State of Missouri and at the expiration of his sentence, he was delivered to the transfer agent of the Texas

Prison System, returned to Texas, and incarcerated in the state penitentiary to serve the balance of his five-year sentence, whereupon, he filed this application seeking to be released from such confinement.

His contention is that he was not a fugitive from justice since he was forcibly taken to the State of Missouri by federal officers and therefore he could not be legally extradited. We need not discuss this question further than to say that his legal rights, if he had any, to test the legality of the requisition warrant, was in the courts of the State of Missouri. After he was back in Texas, no matter how he got back, he was within its jurisdiction and could be dealt with according to the laws of this State. See Ex Parte Ponzi, 290 S. W. 170.

C. J. S., Vol. 35, page 327, states the rule as follows:

"The mode or manner of a person's departure from the state generally does not affect his status as a fugitive from justice; so the fact that a person's departure was involuntary or under legal compulsion will not, under most authorities, preclude his extradition as a fugitive from justice, * * *". Many authorities may be found in the footnotes sustaining the rule announced.

In the same volume on the same page, it states the rule to be as follows:

"An indicted or convicted prisoner who escapes may be extradited as a fugitive from justice; and the same is true as to a paroled prisoner who violates his parole or whose parole has been revoked. This rule applies notwithstanding the paroled prisoner's entry into the asylum state, prior to the violation or revocation of his parole, was with the consent or knowledge of the authorities of the demanding state, and irrespective of whether his departure from the demanding state or his entry into the asylum state was voluntary or involuntary. Many authorities are cited under Note 93 including the case of Spencer v. Hamilton, 12 F. (2d) 976.

Corpus Juris, Vol. 25, page 259, section 15, states the rule as follows:

"* * * One who is turned over to the federal court by a state to serve out a sentence imposed in that jurisdiction in another state may, upon the termination of such sentence, be retaken as a fugitive from justice through extradition proceedings." Citing Peo. v. Benham, 128 NYS 610; and Ex Parte Kabrich,

120 S. W. (2d) 42. In the latter case, relator was convicted in the State of California of a felony and sentenced to serve four four years. He was paroled on condition, among other things, that he go to Arkansas and report to G. I. B. Kabrich, who agreed to give him employment. He complied with this condition. Thereafter, the State of California permitted him to go to the State of Missouri. He was convicted in Missouri and sentenced to fifteen years in the penitentiary. Thereupon, California revoked his parole and ordered his apprehension and return to the state, to be dealt with according to law. On his release from the penitentiary of Missouri, he was arrested as a fugitive from justice. The petitioner in that case, as in the instant case, took the position that the State of California had waived jurisdiction of his person by requiring him to leave the state and was estopped from securing his return by extradition proceedings. The court held that while the State of California lost jurisdiction of his person, it did not lose jurisdiction of the parole granted him. So, in the instant case, appellant was not at liberty for he was under the restraint of the conditional pardon and parole. When he violated the same, he acquired the status of an escaped convict, and as such, he was subject to extradition. See also Ex Parte Carroll, 217 S. W. 382 (86 Tex. Cr. R. 301) ; and Ex Parte Crane, 29 S. W. (2d) 357 (115 Tex. Cr. R. 168).

From what we have said, it follows that the application for a writ of habeas corpus should be denied, and it is so ordered.

Opinion approved by the Court.