EX PARTE CHARLES C. ROBINSON

No. 28,829. February 13, 1957
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) April 3, 1957

Leon Weinberg and W. E. Martin, Houston, for relator.

Dan Walton, District Attorney, Joe E. Moss, Assistant District Attorney, Houston, and Leon Douglas, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

This is an appeal from an order of the district court of

Harris County remanding relator to the custody of the sheriff of said county for delivery to an agent for the State of Georgia.

The executive warrant of the Governor of this state recites that relator "stands charged by motion before the proper authorities, with the crime of violating the terms of his suspended sentence and probation."

The demand of the executive of the State of Georgia recited that the relator "has been convicted in the County of Fulton, State of Georgia, of the crime of abandonment of minor children in two cases and has violated and broken the terms of his suspended sentences and probation."

Also introduced by the respondent were the following instruments:

1. Judgment of conviction in Cause No. 192,842, in the Criminal Court of Fulton County, Georgia, for the offense of abandoning his minor children Charles Townsend and Sarah Louise, together with an order dated April 3, 1945, suspending the sentence in said cause upon certain conditions.

2. Judgment of conviction in Cause No. 226,950 in Fulton Superior Court for the offense of abandoning his minor children Harry P. and Donna, together with an order dated July 1, 1950, suspending the sentence in said cause upon certain conditions.

3. A request for a requisition for the return of relator addressed to the Governor of Georgia by the Solicitor General, Criminal Court of Fulton County, dated August 10, 1956, reciting that the relator had violated the terms of both suspended sentences.

4. Copies of motions by the solicitor general praying for a revocation of the suspended sentences in both cases.

5. Bench warrants issued by the judge of the Criminal Court of Fulton County in both cases directing that the relator be brought before him for a hearing on the question of his violation of the conditions of his suspended sentence and probation.

The Honorable James L. Webb, a practicing attorney at the Georgia bar, testified that under Georgia law a suspended sentence in a child desertion case was operative so long as the minor child was dependent on its father, even though the origi-

nal sentences, the execution of which were suspended, were each for only twelve months' confinement. He explained the judgments and orders described under Nos. 1 and 2 above as follows, "He has been given a suspended sentence, he is under probation until the children reach their majority."

While it is true that the judgments above mentioned do not contain an order as to how long the relator was required to make periodic payments or a termination date therefor, we do find that they require relator to pay such sums "for the support of his *minor* children."

Relator did not testify or offer any evidence in his behalf at the hearing.

We have carefully studied the brief filed by eminent counsel but have concluded that the supporting documents introduced by the respondent did not defeat the prima facie case which was made when the respondent introduced the executive warrant of the Governor of Texas. Ex parte Hoover, No. 28,797 (this day decided.) (Page 251, this volume.)

The judgment of the trial court is affirmed.