EX PARTE LEON COOK

No. 29,650. April 23, 1958.

*Neal Dancer*, Corpus Christi, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

BELCHER, Judge.

This is an extradition case. The Governor of this state issued his executive warrant based upon the requisition and supporting papers of the Governor of the State of California, authorizing the arrest, delivery, and return of the appellant to the State of California.

Appellant sought his discharge by writ of habeas corpus filed in the district court of Nueces County, Texas. After a hearing, appellant was remanded to the sheriff of Nueces County for delivery to the agents of the State of California, and from said order he gave notice of appeal.

The executive warrant of the Governor of this State, the requisition of the Governor of the State of California and all accompanying and supporting instruments were introduced in evidence upon the hearing. They made out a prima facie case authorizing appellant's return.

The demand of the Governor of California and the accompanying instruments show that the appellant was charged by complaint with having killed a human being in the operation of a vehicle and in the commission of an unlawful act not amount-

ing to a felony, and without gross negligence, in violation of Section 192, Subdivision 3, Subsection B of the Penal Code of the State of California.

This statute under which the complaint was drawn is made a part of the record, as is Section 193 which provides a punishment in jail for not more than one year, and further provides:

"In cases where, as authorized in this section, the jury recommends by their verdict that the punishment shall be by imprisonment in the county jail, the court shall not have authority to sentence the defendant to imprisonment in the state prison, but may nevertheless place the defendant on probation as provided in this code."

The order of probation, dated December 13, 1956, accompanies the requisition and shows that Leon Cook had been found guilty of violation of Section 192, Subdivision 3, Subsection B of the Penal Code and that probation was granted for a period of three years.

There is also shown in the record affidavit in support of the motion for revocation of probation and order for issuance of bench warrant for the arrest of Leon Cook "for further proceedings concerning revocation of his probation;" also the bench warrant reciting: "It appearing to the satisfaction of the Court that the said defendant, Leon Cook, has wilfully failed to abide by the terms of the probation;" and commanding that Leon Cook be brought before him for "imposition of judgment."

The fact that the Executive Warrant and the demand therefor state that appellant stands "convicted" does not defeat the right to extradition under the facts shown. The case is referred to in the record as a "conviction."

In this connection it is pointed out that under the Texas law, Art. 781d, Vernon's A.C.C.P., the trial court is authorized after a plea of guilty to suspend the imposition or execution of sentence and place the defendant on probation.

Appellant, testifying in his own behalf, admitted that he entered a plea of guilty and was convicted of manslaughter in the state of California and was placed on probation but contends that he had permission to leave California and could not be a fugitive.

In determining whether extradition is proper, the merits of the charge that he had violated the terms of his probation or had permission to leave the State of California cannot here be reviewed, but are questions to be decided by the courts of the demanding state.

Under the Executive Warrant of the Governor of this state, the requisition and accompanying instruments of the demanding state, and the evidence, the trial court was authorized to conclude as he did and remand the appellant for extradition. Robinson v. State, 164, Texas Cr. Rep. 462, 299 S.W.2d 942.

The judgment is affirmed.

Opinion approved by the Court.

DAVIDSON, Judge, dissenting.

The demand of the Governor of the State of California sought the extradition of appellant because, as therein stated, he "stands convicted of the crime of violation of Sec. 192, Subdivision 3, Subsection B, of the Penal Code of the State of California * * *" and "has violated the terms of his probation and fled from the justice of this State."

The extradition was sought "Pursuant to the Uniform Criminal Extradition Act."

The executive warrant by the Governor of this state, by which appellant is extradited, makes the express finding — upon which finding the warrant is issued—that the appellant "stands Convicted by COMPLAINT AND SUPPORTING PAPERS before the proper authorities, with the crime of VIOLATION OF Sec. 192, Subdivision 3, Subsection B of the Penal Code of the State of California."

I expressly call attention to these facts in order to demonstrate (a) that the extradition was sought because the appellant had been convicted of a crime in the State of California and (b) that the Governor of this state issued his extradition warrant upon that demand and no other.

Nowhere in the demand, executive warrant, or elsewhere in this record does there appear a copy of any judgment of conviction of the appellant in the State of California "duly certified as authentic by the Governor of said State."

Indeed, the executive warrant of the Governor of this state nowhere shows or recites that the extradition warrant was issued because of any finding by him that appellant had been convicted in the State of California for a crime. Moreover, the executive warrant of the Governor of this state makes no reference whatsoever to any parole or probation or that it was requested or issued because appellant had violated any parole.

The demand for extradition and the executive warrant recite that the extradition was claimed and awarded pursuant to the Uniform Criminal Extradition Act.

That act appears in this state as Art. 1008a, V.A.C.C.P., Sec. 3 of that article and the various provisions thereof constitute a limitation upon the right and power of the Governor of this state to recognize a demand for extradition. In furtherance of these limitations certain facts are required to be shown before an executive warrant of extradition could lawfully be issued by the Governor of this state.

Under that section, the right to extradite rests upon a showing that the accused is charged in the demanding state by (a) indictment; (b) information supported by affidavit; (c) affidavit made before a magistrate; or (d) that he has been convicted in that state.

As pointed out, this extradition was sought and awarded solely and alone upon the allegation that the appellant had been convicted in the State of California.

Now what does Sec. 3 require to be shown in order for the Governor of this state to grant extradition, because of a conviction in the demanding state? The language of Sec. 3, covering that point, is clear, direct and unequivocal. It says:

"No demand for extradition of a person charged with crime in another state shall be recognized by the Governor unless in writing alleging * * * that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and accompanied * * * by a copy of the judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the Executive Authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole * * * and the copy of * * * *judgment of conviction or sentence must be authenticated by*

*the Executive authority making the demand* * * * ." (Emphasis supplied.)

Applying the provisions of that statute to the instant case the legislature of this state has said to the Governor of this state: "You cannot recognize the demand of the Governor of the State of California for extradition of this appellant, and issue this executive warrant of extradition, unless at least two things are shown in the demand, which are: (a) a copy of the judgment of conviction and (b) the copy of the judgment of conviction authenticated by the Governor of the State of California or under his authority.

The demand and the record in this case nowhere evidences compliance with those requirements, for no copy of a judgment of conviction appears in the record, and there being no copy of the judgment, there could be no authentication by the Governor of California of a copy thereof.

The record in this case shows that the requirements prescribed by the legislature have not been complied with, but are wholly missing.

The question remaining, then, is whether this court is going to obey the law as prescribed by the legislature of this state and require that the State of California comply therewith, before this appellant can lawfully be extradited to that state, or are we going to ignore and refuse to follow and obey the plain statute law of this state, and authorize this appellant's extradition in open violation of that law?

If Sec. 3 of Art. 1008a, V.A.C.C.P., is the law of this state and is to be followed and obeyed, this appellant cannot be lawfully extradited under this record. I am at a loss to know how my brethren arrive at the conclusion that the executive warrant and accompanying papers make out a prima facie case authorizing appellant's extradition, yet that is what they say in the majority opinion.

Other and additional reasons exist why this extradition ought not and should not be granted.

I have reference to the fact that the only penalty and punishment which can be said to be shown by this record is that appellant was required to pay the sum of $2,700.00 for a period of three years at the rate of $75.00 per month. When, and if, ap-

pellant paid that sum of money there would be no case against him, because it was to be dismissed.

In other words, the payment of that sum of money settled the case.

Appellant is therefore being extradited because of his failure to pay the debt imposed upon him. Extradition is not authorized for that purpose, or reason. The $2,700 payment required was not a fine or in the nature of or as a punishment for crime.

I call attention to this further matter: According to the law of California, which is copied in the majority opinion, the right of probation exists only when the punishment imposed is imprisonment in jail.

There is nothing in this record showing that appellant has been convicted and a jail penalty imposed.

Upon the face of this record, then, there existed no right to place appellant on probation — which corroborates the proposition that this entire record shows that appellant's extradition is to collect money and require him to pay a debt.

I call attention to the further holding of the majority opinion that:

"The fact that the Executive Warrant and the demand therefor state that appellant stands 'convicted' does not defeat the *right to extradition* under the facts shown." (Emphasis, supplied).

When, may I ask, did it become the burden of the defendant to "defeat the right to extradition?" When did the burden shift from the demanding state to show its right to extradite to the accused to "defeat the right to extradition?" The answer must be: Never before, until the holding, here, was promulgated.

If the burden be upon the accused to defeat the extradition, why all the statutes upon the subject? They would be meaningless.

Just why the majority opinion refers to Art. 781d, Vernon's C.C.P., governing parole and probation in this state, I am unable to understand. The opinion makes no application thereof.

I only know that the State of California is not seeking to extradite appellant for violating any parole, because authority exists to extradite for parole violations only after the parole has been revoked and the judgment of conviction thereby restored to vitality.

There is no showing, here, that any parole of the appellant has been revoked.

If, however, this case is to be decided upon the laws of this state and under Art. 781d, Vernon's C.C.P., then I call attention to the fact that under that statute the offense for which appellant was charged in the State of California was not one within the parole laws of this state, because the offense was a misdemeanor and the punishment authorized to be affixed was only a fine and imprisonment in jail.

It takes a felony conviction and sentence to come within the parole laws of this state, because the parole is either from the imposition of sentence or the execution of sentence. There can be no sentence in a misdemeanor case.

All of these facts demonstrate the extremes to which my brethren are put in affirming this extradition in face of the violation of the mandatory provisions of Sec. 3 of Art. 1008a, Vernon's C.C.P.

I respectfully dissent.