### EX PARTE HASHELL GLASPER

No. 33,103. March 8, 1961

No attorney for appellant of record on appeal.

*Frank Briscoe,* District Attorney, *Samuel H. Robertson, Jr.,* Assistant District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin. for the state.

McDONALD, Judge

This is an appeal from an order entered in a habeas corpus proceeding remanding appellant to custody for extradition to the State of Louisiana.

At the hearing, the state introduced into evidence the executive warrant of the governor of this state and also the requisition of the governor of Louisiana. The governor's executive warrant recites that it has been made known to him by the governor of the State of Louisiana that appellant "having been tried, convicted and sentenced for the crime of criminal neglect of family, has violated his probation committed in said State and that said defendant has taken refuge in the State of Texas * * * ."

Appellant also introduced into evidence certain duly authenticated papers accompanying the requisition.

From the papers it appears that appellant was convicted on September 1, 1959, in the State of Louisiana for the misdemeanor crime of criminal neglect of family and sentenced to serve one year in jail. The sentence was suspended by the court and appellant placed upon probation for a period of one year upon certain terms and conditions. On March 23, 1960, warrant was issued for appellant's arrest, by the Judge of the Juvenile Court, R. Nolan Moosa, in and for St. Landry Parish, upon affidavit being made that appellant had violated the conditions of his probation. On August 22, 1960, affidavit was made by the commissioner of public welfare of the State of Louisiana in lieu of warrant as prescribed by law, stating that appellant had violated the conditions of his probation and commanding that he be arrested and held as a fugitive from the state, pending extradition and return to the jurisdiction.

It is by reason of appellant's prior conviction and the subsequent issuance of the warrant and affidavit for his arrest that his extradition to the State of Louisiana is sought.

In the recent case of Ex parte Knoll, 339 S.W. 2d 678, citing Ex parte Higgins, 338 S.W. 2d 717, in upholding the action of the governor of this state ordering the return of a relator to the demanding state after revocation of his probation in that state this court said:

" 'Under the provisions of Section 3 o f Article 1008a, Vernon's Ann. C.C.P., the Governor of this State is authorized to recognize a requisition and issue his executive warrant of extradition when the demand is accompanied "by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the Executive Authority of the demanding State that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole." ' "

The requisition of the governor of the State of Louisiana in the instant case is accompanied by a copy of the judgment rendered against appellant and reciting that appellant has violated his probation.

Such requisition is sufficient to authorize the issuance of the executive warrant by the governor of this state.

The judgment is affirmed.