**Ex parte Donald Ray SMITH, Applicant.**

**No. 05–87–00120–CR.**

Court of Appeals of Texas, Dallas.

April 1, 1987.

Discretionary Review Refused
May 27, 1987.

Vic Sasso, Dallas, for appellant.

Gary A. Moore, Dallas, for appellee.

Before ENOCH, C.J., and ROWE and HECHT, JJ.

ROWE, Justice.

Donald Ray Smith appeals from an order denying his application for a writ of habeas corpus to avoid extradition to Kansas where he is charged with two counts of theft. Applicant's brief presents three points of error challenging the sufficiency of the Governor's warrant because the supporting documents fail to: (1) establish probable cause, (2) include an affidavit made "before a magistrate," and (3) contain an affidavit from either of the complaining witnesses. At oral argument, applicant additionally urged that the district judge failed to review the actions of the magistrate who conducted the extradition hearing as required by the Dallas County Magistrates Act.[1] For the reasons expressed below, we overrule all these contentions and affirm the trial court's order.

■ Applicant's first point of error contends that the documents supporting the extradition demand fail to show that the enclosed complaint was based upon a judicial determination of probable cause for applicant's arrest. This argument misconstrues the nature and purpose of the complaint included among the extradition papers.

An extradition demand may be predicated upon a copy of an affidavit before a magistrate, together with a copy of any warrant issued thereon. Tex.Code Crim. Proc.Ann. art. 51.13 § 3 (Vernon 1979). An affidavit made before a magistrate is called a "complaint" if it charges the commission of an offense. *Id.* art. 15.04 (Vernon 1977).

The demand for applicant's extradition was accompanied by a complaint and an arrest warrant, both dated November 13, 1986. The complaint was made by the Riley County Attorney and sworn to before a district judge the same day the judge signed the warrant. The warrant specifically states that the judge found probable cause to believe the allegations contained in the county attorney's complaint. Thus, the record shows that the issuance of the warrant for applicant's arrest was based upon an affidavit before a magistrate. Further, the complaint provided the factual basis for the judge's probable cause finding contained in the arrest warrant. This is what is required; there is no requirement that a complaint be based upon a judicial determination of probable cause as argued by applicant. Accordingly, his point of error number one is overruled.

■ Applicant next complains that an affidavit, originally signed before a notary public on April 22, 1986, and subsequently sworn to a second time on August 22, 1986, before the district judge who issued the warrant, is insufficient to meet the requirement of article 51.13, section three, of the Code of Criminal Procedure. This provision requires the affidavit supporting the arrest warrant be made "before a magistrate." However, since we have already held that the warrant was adequately sup-

---

1. Tex.Gov't.Code Ann. §§ 54.301–.313 (Vernon 1987).

ported by the complaint, the validity of this second affidavit is moot. Applicant's point of error number two is overruled.

■ The third point of error actually contains two distinct arguments regarding the failure of the extradition request to include an affidavit from the complaining witness in either of the two theft cases. First, applicant contends that this omission violates his right to confront the witnesses against him. This constitutional provision is inapplicable to extradition proceedings, however, because the guilt or innocence of the accused is not at issue. *Ex parte Martinez,* 530 S.W.2d 578, 581 (Tex.Crim.App. 1975).

■ Second, applicant asserts that extradition is improper because the demanding state failed to include an affidavit from either complaining witness in violation of the "Rules of Practice" appearing at the end of the Kansas requisition application form. These rules provide that the affidavit of the principal complaining witness or informant stating that the application is not made for purposes of collecting a debt or any other private reason "shall be required"; otherwise, a sufficient explanation must be given.

We initially note that nothing in the record discloses whether these rules of practice are presently operative in Kansas, or whether the affidavit required under these rules is supposed to be sent to the forum state along with the other extradition documents. Further, the prosecutor's sworn application for extradition contains identical language that applicant's extradition is not sought for any private purpose.

We hold that compliance with the rules of practice appearing on the application form is not an issue for determination by the courts of the asylum state. *Cf. Ex parte Bowman,* 480 S.W.2d 675, 676–77 (Tex.Crim.App.1972) (variances between requisition and information held issue for demanding state); *Saenz v. State,* 700 S.W.2d 648, 650 (Tex.App.—Corpus Christi 1985, no pet.) (defects in application for requisition presented issue for demanding state). Point of error number three is overruled.

■ Finally, applicant asserted during oral argument of this appeal that the district judge had violated the Dallas County Magistrates Act by adopting, without first reviewing, the actions of the magistrate appointed to hear applicant's case. *See Ex parte Omura,* —— S.W.2d ——, No. 05–86–00701–CR (Tex.App.—Dallas, Feb. 27, 1987, pet. pending) (not yet reported). In *Omura,* however, the accused had preserved this error by claiming in his brief that the district court's failure to make the statutorily mandated review rendered the Magistrate's Act unconstitutional. In order to avoid determining a constitutional issue that was not absolutely necessary to the disposition of Omura's appeal, this Court focused on facts constituting a violation of the Act and reversed the district court's judgment on this basis. *See Smith v. State,* 658 S.W.2d 172, 174 (Tex.Crim.App. 1983). The dispositive error in *Omura* was thus held to be one of procedure and not of fundamental dimension.

Applicant, on the other hand, has never complained of the district judge's failure to review the magistrate's actions until oral submission of this appeal. If error of this type is not timely assigned and briefed, with discussion or argument relating to the contention, nothing is presented for review. *See McWherter v. State,* 607 S.W.2d 531, 536 (Tex.Crim.App.1980). Because applicant failed to raise in his brief the issue now asserted, we hold that applicant has not preserved error. Under the circumstances of this case, the interest of justice does not require that we review a complaint made by applicant's counsel for the first time at oral argument where the issue could have been briefed but was not, the State has not been provided fair opportunity to respond, and the complaint does not charge fundamental error. Applicant's belated oral contention that the district judge violated the Magistrates Act by failing to review the magistrate's actions is overruled.

AFFIRMED.