James Kevin YOST, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–93–00587–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 26, 1993.

74

Charles Hinton, Houston, for appellant.

Julie Klibert, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is an appeal from the denial of relief on his application for habeas corpus. Appellant sought relief from a Governor's Warrant directing his extradition to the State of Pennsylvania pursuant to the Uniform Criminal Extradition Act. TEX.CODE CRIM.PROC.ANN. art. 51.13 (Vernon 1979). Appellant sought relief to avoid extradition to Pennsylvania in order to determine if he violated the terms of his probation for the offenses of possession of a controlled substance and possession of a prohibited offensive weapon. We affirm.

Appellant asserts in his sole point of error that the trial court erred in denying the relief requested in his application for habeas corpus due to the fact that the evidence was insufficient to prove that appellant was in the demanding state at the time of his alleged violations of probation. The Governor's Warrant issued by the Governor of the State of Texas along with the requisition issued by the Governor of the State of Pennsylvania state that appellant was convicted of the offenses of possession of a controlled substance and possession of a prohibited offensive weapon and that he had broken the terms of his probation and had fled from the justice of the State of Pennsylvania. A memo contained in the supporting documents reflects appellant's probation was transferred to the State of Texas and he was to be

supervised by a probation officer in Harris County, Texas. However, the same memo also reflects that appellant was in arrears with the Erie County Clerk's Office in the State of Pennsylvania.

The purpose of habeas corpus review of an extradition proceeding is not to inquire into the viability of the prosecution or confinement in the demanding state, rather the sole purpose is to test the legality of the extradition proceedings. *Rentz v. State*, 833 S.W.2d 278 (Tex.App.—Houston [14th Dist.] 1992, no pet.); *Ex parte Geringer*, 778 S.W.2d 132, 134 (Tex.App.—Houston [1st Dist.] 1989, no pet.). The guilt or innocence of the accused is not at issue in extradition proceedings. *Ex parte Smith*, 729 S.W.2d 936, 938 (Tex.App.—Dallas 1987, pet. ref'd). Whether or not the individual is in the demanding state on the date of the offense relates to the guilt or innocence of the offense and may not be inquired into. *Geringer*, 778 S.W.2d at 132. In determining whether extradition is proper, the merits of the charge that he had violated the terms of his probation or had permission to leave the demanding state cannot here be reviewed, but are questions to be decided by the courts of the demanding state. *Ex parte Cook*, 166 Tex.Crim. 152, 312 S.W.2d 520, 521 (1958).

It is well settled that the introduction of the Governor's Warrant, regular on its face, is sufficient to make out a prima facie case authorizing extradition. *Ex parte Burns*, 507 S.W.2d 777, 778 (Tex.Crim.App. 1974). After the prima facie case for extradition is made out by the introduction of the Governor's Warrant, regular on its face, the burden then is on the accused to show that the warrant was not legally issued, that it was not based on proper authority, or that its recitals are inaccurate. *Ex parte Cain*, 592 S.W.2d 359, 362 (Tex.Crim.App.1980). A prima facie case can be defeated or supported by the supporting papers introduced, regardless of which party may have offered the supporting papers into evidence. *Cain*, 592 S.W.2d at 362.

When a court in the asylum state reviews the legality of an arrest under a governor's warrant, the court may only consider the following issues: 1) are the extradition documents valid on their face; 2) did the demanding state charge petitioner with a crime; 3) is the petitioner the person named in the request for an extradition; 4) is the petitioner a fugitive? *Michigan v. Doran*, 439 U.S. 282, 289, 99 S.Ct. 530, 535, 58 L.Ed.2d 521 (1978).

TEX.CODE CRIM.PROC.ANN. art. 51.13, § 3 provides:

**Sec. 3. Form of Demand.** No demand for the extradition of a person charged with a crime in another state shall be recognized by the Governor unless in writing, alleging, except in cases arising under Section 6, that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and accompanied by a copy of an indictment found, or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit before a magistrate there, together with a copy of any warrant which issued thereupon; *or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole.* The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy of indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the executive authority making the demand; provided however, that all such copies of the aforesaid instruments shall be in duplicate, one complete set of such instruments to be delivered to the defendant or to his attorney.

TEX.CODE CRIM.PROC.ANN. art. 13, § 6 provides:

**Sec. 6. Extradition of Persons Not Present in Demanding State at Time of Commission of Crime.** The governor of this state may also surrender, on demand of the executive authority of any other state, any person in this state charged in

such other state in the manner provided in Section 3 with committing an act in this state, or in a third state, intentionally resulting in a crime in the state whose executive authority is making the demand, and the provisions of this article not otherwise inconsistent, shall apply to such cases, even though the accused was not in that state at the time of the commission of the crime, and has not fled therefrom.

Appellant asserts that because the paperwork reflects that his probation had been transferred to Harris County, his extradition is not authorized by TEX.CODE CRIM.PROC. ANN. art. 51.13, § 6. Specifically, he states that because he had been supervised in Harris County and he committed acts which resulted in a crime in Pennsylvania, he is not a fugitive, therefore, the paperwork is insufficient to authorize his extradition to Pennsylvania. However, this argument overlooks the fact that appellant is being extradited based on the underlying conviction. It is based on this conviction that appellant was placed on probation and on this conviction that he violated the terms of the probation. There were no acts committed in the State of Texas which resulted in the offense for which appellant was convicted. While the violations prompted the request for extradition, it is the prior conviction and punishment for the conviction that the State of Pennsylvania is seeking appellant. The express wording of section 3 authorizes extradition if the person has been convicted and has violated the terms of a probation. *Ex parte Glasper,* 170 Tex.Crim. 628, 343 S.W.2d 712, 713 (1961); *Ex parte Higgins,* 170 Tex.Crim. 21, 338 S.W.2d 717 (1960); *Ex parte Knoll,* 170 Tex. Crim. 174, 339 S.W.2d 678 (1960). In *Glasper,* 343 S.W.2d at 713, the court wrote, "It is by reason of appellant's prior conviction and the subsequent issuance of the warrant and affidavit for his arrest that his extradition to the State of Louisiana is sought."

The fact that the paperwork in the instant case states that appellant was present in the demanding state at the time of the offense, and further states that appellant was convicted of the crimes of possession of a prohibited offensive weapon and possession of a controlled substance is sufficient to demonstrate his presence in the State of Pennsylvania at the time of the offense. How and where he violated the conditions of probation is of no moment. It should be noted that TEX.CODE CRIM.PROC.ANN. art. 42.11, the provision under which appellant's probation was transferred to Texas, provides that appellant may be "retaken" and returned to the sending state without following the requirements of extradition. Because of this express provision, appellant cannot avoid being returned to Pennsylvania because he was not in the demanding state at the time of the violations. Additionally, error, if any, in the paperwork would not prevent his extradition because appellant could be returned to Pennsylvania pursuant TEX.CODE CRIM.PROC.ANN. art. 42.-11, § 2(3). *See Ex parte Johnson,* 610 S.W.2d 757 (Tex.Crim.App.1980). Furthermore, the fact that appellant was present in Harris County with the permission of the Pennsylvania authorities does not prevent him from being a "fugitive" as contemplated for extradition purposes. *Ex parte Gourley,* 151 Tex.Crim. 25, 204 S.W.2d 993 (1947).

In *Ex parte Garvey,* 133 Tex.Crim. 560, 112 S.W.2d 747 (1938), the court affirmed the trial court's ruling on an extradition where the defendant had been paroled to the State of Texas from the State of Illinois. His parole was revoked in the State of Illinois based on the conviction of an offense committed in the State of Texas. The violation obviously occurred outside the demanding state, but the court held that appellant was a fugitive and could be extradited as such.

In summary, the underlying conviction is the basis for the probation and, thus, the extradition. Therefore, appellant is a fugitive from justice and whether or not appellant was present in the demanding state at the time of the probation violations is not relevant to the issue of extradition. Appellant's sole point of error is overruled.

We find that the trial court did not err by denying relief on appellant's application for habeas corpus.

Accordingly, the judgment of the trial court is affirmed.