**Herbert LOTT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–93–00221–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 7, 1993.

Rehearing Denied Nov. 18, 1993.

Bernadette JohnLewis, Houston, for appellant.

Julie Kliebert, Houston, for appellee.

Before MURPHY, SEARS and DRAUGHN, JJ.

---

**2.** *Moore v. State,* 821 S.W.2d 429, 431 (Tex. App.—Waco 1991, no pet.).

**3.** Tex.R.Crim:Evid. 901(a).

## OPINION

SEARS, Justice.

Appellant was charged in Louisiana with the offense of "possession of stolen things." Based upon an affidavit, warrant and request from the state of Louisiana, the Governor of Texas, Ann Richards, issued a governor's warrant for the arrest and extradition of Appellant. Appellant filed a writ of habeas corpus in the trial court. The trial court denied the application, and remanded Appellant for extradition. He now appeals the trial court's decision. We affirm.

 Once the governor has granted extradition, an accused's sole avenue for relief from extradition is through a writ of habeas corpus. The purpose of the writ is **not** to inquire into the viability of the prosecution or confinement in the demanding state, but rather is solely to test the legality of the extradition proceedings. *Rentz v. State*, 833 S.W.2d 278, 279 (Tex.App.–Houston [14th Dist.] 1992, no pet). If the demanding state has made a judicial determination that probable cause exists, no further judicial inquiry regarding probable cause for extradition may occur. *Ex parte Sanchez*, 642 S.W.2d 809, 810 (Tex.Crim.App.1982).

Appellant maintains that the affidavit and warrant from Louisiana clearly show that he never possessed stolen goods *in Louisiana*, and that therefore, Louisiana lacks subject matter jurisdiction over this alleged crime.

Although Appellant claims that the affidavit and warrant create a jurisdictional error, he is actually arguing that the affidavit supporting the Louisiana warrant lacks proof of probable cause, since it shows that Appellant was not in Louisiana at the time of the offense. This argument necessarily fails because Texas, as the asylum state, is constrained from judicially inquiring about probable cause once Louisiana, as the demanding state, has *judicially* determined that probable cause exists. *Rentz* at 280.

In this case, a Louisiana judge issued a warrant for the arrest of Hebert Irving Lott, finding that probable cause existed to believe that on or about July 7, 1992, Mr. Lott unlawfully possessed stolen things, in violation of Louisiana Revised Statute 14:69. The warrant was based upon an affidavit which claimed that Lott "admitted to buying the stolen items from a Subject in Lake Charles."

 The trial court in Texas could only consider whether: (1) the documents were valid on their faces; (2) Louisiana charged Appellant with a crime; (3) Appellant is the person named in the request; and (4) Appellant is a fugitive. *Michigan v. Doran*, 439 U.S. 282, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978).

Appellant does not contest that he is the person named in the request or that he is a fugitive. From a review of the documents, we find that they are all valid on their faces, and that the Louisiana warrant and attached copy of the statute clearly show that Appellant had been charged with a crime. All further challenges must now be addressed to a *Louisiana* court. We overrule Appellant's sole point of error, and affirm the trial court's decision.