**Lynn Daniel CHANDLER, Appellant,**

v.

**Huel FONTENOT, Sheriff, Appellee.**

**No. 09–93–271 CR.**

Court of Appeals of Texas,
Beaumont.

Submitted June 3, 1994.

Decided Sept. 14, 1994.

Donald B. Kelley, Orange, for appellant.

John Kimbrough, County Atty., Doneane Beckom, Asst. County Atty., Orange, for State.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

**OPINION**

WALKER, Chief Justice.

This is an appeal from the denial of a writ of habeas corpus by the trial court. Appellant applied for the writ following the issuance of a Governor's Warrant issued by the State of Texas upon request from the Governor of the State of Virginia. We note that said Governor's Warrant appears regular on its face, and, as such, creates a prima facie case authorizing appellant's extradition. *Ex parte Scarbrough*, 604 S.W.2d 170 (Tex. Crim.App.1980). Appellant had been placed on probation in the State of Virginia in 1991 following his plea of guilty to the felony offense of "Contract Fraud." Appellant's brief explains that "under the Parole and Probation Compact" appellant was allowed to return to Texas, "his home state," for probation supervision. As this fact is not contested by the State in its brief we will accept it as correct. TEX.R.APP.P. 74(f).

■ Under the above described circumstances, our decision will not be based upon Tex.Code Crim.Proc.Ann. art. 51.13 (Vernon 1979 & Vernon Supp.1994) (otherwise known as the Uniform Criminal Extradition Act), as contemplated by both parties. Instead, we rely on the "Parole and Probation Compact" mentioned in appellant's brief. Tex.Code Crim.Proc.Ann. art. 42.11 (Vernon 1979 & Vernon Supp.1994), provides for two or more states to enter into agreements for mutual assistance "in the prevention of crime and for other purposes." Specifically, Article 42.11, § 2(1)(a) & (b) provides for the following:

(1) That it shall be competent for the duly constituted judicial and administrative authorities of a State party to this compact (herein called "sending State"), to permit any person convicted of an offense within such State and placed on probation or released on parole to reside in any other State party to this compact (herein called "receiving State"), while on probation or parole, if

(a) Such person is in fact a resident of or has his family residing within the receiving State and can obtain employment there; and

(b) Though not a resident of the receiving State and not having his family residing there, the receiving State consents to such person being sent there, . . .

The significant provision of Article 42.11 with regard to the disposition of the instant appeal recites the following:

(3) That duly accredited officers of a sending State may at all times enter a receiving State and there apprehend and retake any person on probation or parole. For that purpose no formalities will be required other than establishing the authority of the officer and the identity of the person to be retaken. *All legal requirements to obtain extradition of fugitives from justice are hereby expressly waived on the part of States party hereto, as to such persons. The decision of the sending State to retake a person on probation or parole shall be conclusive upon and not reviewable within the receiving State;* provided, however, that if at the time when a State seeks to retake a probationer or parolee there should be pending against him within the receiving State any criminal charge, or he should be suspected of having committed within such State a criminal offense, he shall not be retaken without the consent of the receiving State until discharged from prosecution or from any imprisonment for such offense. (emphasis added)

A plain reading of the above emphasized portion of Article 42.11 apparently precludes any review of a sending State's decision to retake its probationer. We need only examine the record for evidence of authority of the officers of the sending state and evidence of the identity of the person to be retaken. Both items of evidence exist in the record before us in the form of the Governor's Warrant regular on its face. We find, therefore, that we lack authority to engage in a review of Virginia's decision to have appellant sent back to that state to answer to alleged probation violations. Admittedly, we have found no similarly decided case authority. For discussions of related applications of Article 42.-11, *see Ex parte Johnson,* 610 S.W.2d 757 (Tex.Crim.App.1980); and *Yost v. State,* 861 S.W.2d 73 (Tex.App.—Houston [14th Dist.] 1993, no pet.). Finding that we lack authority to proceed with review of this cause, it must, therefore, be dismissed.

APPEAL DISMISSED.