Affirmed and Opinion filed October 17, 2002









Affirmed and Opinion filed October 17, 2002.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-02-00450-CR

____________

 

EX PARTE PERCY WAYNE FROMAN, Appellant

 



 

On Appeal from the 12th District Court

Walker County, Texas

Trial Court Cause No. 21,470

 



 

O P I N I O N

This is an appeal from an order entered in a habeas corpus
proceeding remanding appellant to Alabama to face a charge of capital
murder.  In three points of error,
appellant alleges (1) the governor=s warrant served on appellant is
defective and insufficient; (2) more than ninety days passed after appellant
was arrested on the fugitive from justice warrant from Alabama, thus violating
Texas Code of Criminal Procedure article 51.07; and (3) appellant=s rights were violated under the
Interstate Agreement on Detainers Act. 
We affirm.

FACTUAL BACKGROUND








On May 14, 1999, appellant was arrested in Dallas County,
Texas, on a fugitive from justice warrant from Alabama.  In October 1999, appellant was tried and
convicted of aggravated robbery in Smith County, Texas.  Finally, on May 26, 2000, while still being
held in the Texas prison system, appellant was indicted for capital murder in
Alabama.  Based on this indictment, on
October 21, 2001, Alabama obtained a governor=s warrant pursuant to the Uniform
Criminal Extradition Act (UCEA). 
Appellant was served with the warrant on February 26, 2002 in Walker
County, Texas.  The governors of Texas
and Alabama also entered into an executive agreement stating appellant would be
returned to Texas as soon as the Alabama prosecution terminated unless Alabama
imposed the death penalty.

DISCUSSION

Nature of Extradition Proceedings

The UCEA is codified in article 51.13 of the Texas Code of
Criminal Procedure.  Ex parte Lebron, 937 S.W.2d 590, 592 (Tex. App.CSan Antonio 1996, pet. ref=d untimely filed). The UCEA sets
forth the minimum procedural requirements placed upon the demanding and asylum
states in extradition proceedings.  Id.;
see Tex. Code Crim. Proc. Ann.
Art. 51.13, ''
3, 4 (Vernon 1979).  Section
2 of the UCEA describes the duty of the governor in the asylum state when
causing a fugitive to be arrested and delivered to the demanding state.  Lebron, 937
S.W.2d at 592; see Tex. Code
Crim. Proc. Ann. Art. 51.13, '
2 (Vernon 1979).  When
the governor of the asylum state determines the extradition request is in
order, the governor signs an arrest warrant ordering delivery of the fugitive
to the demanding state for prosecution.  Lebron, 937 S.W.2d at 592B93; see Tex. Code Crim. Proc. Ann. Art. 51.13, ' 7
(Vernon 1979).








Once the governor of the asylum state grants extradition, an
accused=s sole avenue for relief from
extradition is through a writ of habeas corpus. 
Lott v. State, 864 S.W.2d 152, 153 (Tex. App.CHouston [14th Dist.] 1993, pet. ref=d untimely filed).  The purpose of the habeas corpus review is
not to inquire into the viability of the prosecution or confinement in the
demanding state, but to test the legality of the extradition proceedings.  See id.  A court considering an application for habeas
corpus relief from an extradition order can decide only the following: (1)
whether the extradition documents on their face are in order; (2) whether the
petitioner has been charged with a crime in the demanding state; (3) whether the
petitioner is the person named in the request for extradition; and (4) whether
the petitioner is a fugitive.  Michigan v. Doran, 439 U.S. 282, 289, 99 S. Ct. 530, 535
(1978).




Appellant=s Points of Error

Purported insufficiency of the
governor=s warrant. 
In his
first point of error, appellant argues the trial court erred in ordering his
extradition to Alabama because the governor=s warrant served on appellant is not
valid on its face.  Appellant contends
the supporting documents have been taken apart and rearranged, thus
invalidating the seals and authentication certifications required by the
UCEA.  See Tex. Code Crim. Proc. Ann. Art. 51.13, ' 3 (Vernon 1979).  Additionally, appellant argues the attached
executive agreement between the governors of Texas and Alabama was not signed
by the Governor of Texas, thus rendering it defective.

Introduction of a governor=s warrant, regular on its face, is
sufficient to establish a prima facie case authorizing extradition.  Yost v. State, 861 S.W.2d 73, 75 (Tex.
App.CHouston [14th Dist.] 1993, no pet.) (citing
Ex Parte Burns, 507 S.W.2d 777, 778 (Tex. Crim. App. 1974)).  Once the warrant is placed in evidence, the
burden is on the petitioner to overcome prima facie proof of the
existence of every fact the Governor was obliged to determine before issuing
the extradition warrant.  Yost,
861 S.W.2d at 75 (citing Ex parte Cain, 592 S.W.2d 359, 362 (Tex. Crim.
App. 1980)).  Therefore, the accused must
show the warrant was not legally issued, was not based on proper authority, or
its recitals are inaccurate.  Cain,
592 S.W.2d at 362. 









In the instant case, the supporting papers include, inter
alia, a request from Alabama for interstate rendition.  The request for rendition is in writing, sets
forth the necessary allegations, and is accompanied by the indictment.  These papers were sufficient to allow the
governor of Texas to recognize the extradition demand.  Tex.
Code Crim. Proc. Ann. Art. 51.13, ' 3 (Vernon 1979); see Moberg v. State, 743 S.W.2d 316, 317 (Tex. App.CHouston [14th Dist.] 1987, no pet.) (holding
only one of documents listed in section 3 is required to accompany the demand
for extradition).

As noted by appellant in his brief, this prima facie
case may be defeated by the 
supporting papers accompanying the warrant.  Ex Parte Mason, 656
S.W.2d 470, 471 (Tex. Crim. App. 1983). 
At the habeas corpus hearing, counsel for the appellant pointed to
numerous staple marks exhibited in the corner of the supporting documents and
to the fact that the two pages of the executive agreement were out of
sequence.  Appellant, however, provides
this court with no authority demonstrating that rearranging papers invalidates
otherwise valid and sufficient documentation. 
See Tex. R. App. P. 38.1(h)
(stating Aa brief must contain a clear and
concise argument for the contentions made, with appropriate citations to
authorities and to the record@).  Therefore, we will
not address this contention. 

Appellant also asserts the Governor of Texas did not sign the
executive agreement made between the governors of Texas and Alabama.  It is clear from the record Governor Rick
Perry signed the document, but the two pages of the agreement were out of
sequence, with Governor Perry=s signature appearing first, followed by the body of the
agreement.  Accordingly, appellant=s argument in this regard is without
support in the record.   

We overrule appellant=s point of error one.








Purported violation of ninety-day
rule.  In appellant=s second point of error, appellant
contends that the trial court erred in not discharging appellant because
appellant was not arrested under a governor=s warrant within ninety days of his
initial arrest as a fugitive.  Tex. Code Crim. Proc. Ann. Art. 51.07 (Vernon 1979). 
Appellant was initially arrested on May 14, 1999, and the governor=s warrant was not obtained until
October 24, 2001.  From at least October
1999, however, appellant was not being held in Texas as a fugitive from justice
pursuant to the statute, but under Texas charges and under a Texas conviction.  Additionally, issuance of a valid governor=s warrant renders moot any complaints
arising from confinement under a fugitive warrant, including alleged violations
of Texas Code of Criminal Procedure  article 51.07.  See Ex parte Worden, 502 S.W.2d 803,
804 (Tex. Crim. App. 1974); Echols v. State, 810 S.W.2d 430 (Tex. App.CHouston [14th Dist.] 1991, no pet.).  In the present case, as we held in point one,
a valid governor=s warrant was issued.

We overrule appellant=s point of error two.

Purported violation of the Interstate
Agreement on Detainers.  In appellant=s final point of error, he contends
the proper method of extradition in this case is through the Interstate
Agreement on Detainers Act (IADA), rather than a governor=s warrant issued pursuant to the
UCEA.  The IADA is a compact between
different states enabling a party state to obtain custody of an out-of-state
prisoner for prosecution.  State v. Williams, 938 S.W.2d 456, 460 (Tex. Crim. App.
1997).  Duties are imposed upon
the requesting state to ensure the prisoner is quickly returned to complete his
or her sentence in the sending state.  See
id.  However, contrary to appellant=s argument, the IADA is not the
exclusive method by which Alabama can gain custody of an individual situated as
appellant.  See Bailey v. Shepard,
584 F.2d 858, 861 (8th Cir. 1978) (rejecting claim IADA operates as exclusive
method by which one state can obtain custody of person incarcerated under
judgment of conviction in another state); Colorado v. Quackenbush,
687 P.2d 448, 450 (Colo. Ct. App. 1984) (agreeing with prosecution that IADA is
inapplicable to defendant whose interstate rendition is sought by traditional
extradition procedures, even though governor=s warrant was mischaracterized as
detainer).

Appellant contends Alabama circumvented the IADA by obtaining
a governor=s warrant and, thus, denied him
protections and rights under the IADA. 
Appellant, however, does not explain how the IADA rights and protections
apply in his particular case, has not explained how the extradition procedures
under a governor=s warrant conflict with the IADA, and has not shown how he
was harmed.

We overrule appellant=s point of error three.








                                                                CONCLUSION

We overrule all of appellant=s points of error and affirm the
trial court=s order remanding appellant to
Alabama to face a charge of capital murder.

 

 

/s/        John
S. Anderson

Justice

 

 

 

 

Judgment rendered and Opinion filed
October 17, 2002.

Panel consists of Justices Yates,
Anderson, and Frost.

Do Not Publish C Tex.
R. App. P. 47.3(b).